08-6068-cv
Shepheard v. New York City Correctional Department

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
        GERARD E. LYNCH,
                *Circuit Judges*.

_____

Rose Anna Shepheard,

        *Plaintiff-Appellant*,

        v.                                                          08-6068-cv

New York City Correctional Department and City of
New York,

        *Defendants-Appellees*.

_____

FOR APPELLANT:   Rose Anna Shepheard, *pro se*, Fayetteville, NC.

FOR APPELLEE:     Michael A. Cardozo, Corporation Counsel, The City of New York Law
                  Department; Marta Ross, Assistant Corporation Counsel, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Marrero, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Rose Anna Shepheard, *pro se*, appeals the district court's grant of summary judgment in favor of the City of New York and the City's Department of Correction ("the City"), dismissing Shepheard's disability discrimination complaint pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq*. Shepheard alleged that the City: (1) failed to provide her with a reasonable accommodation for her alleged disability of major depression and anxiety; (2) subjected her to unequal terms and conditions of employment; (3) terminated her; and (4) retaliated against her, all based on her alleged disability. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's order granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Stern v. Trustees of Columbia Univ. in the City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

We examine claims of disability discrimination pursuant to the ADA under the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) she is a person with a disability within the meaning of the ADA; (2) her employer is covered by the ADA; (3) she was qualified to perform the essential functions of her position, with or without a

2

reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96-97 (2d Cir. 2009).

Here, with respect to Shepheard's reasonable accommodation, unequal terms and conditions of employment, and termination claims, the district court properly granted summary judgment because Shepheard failed to demonstrate that she was qualified to perform the essential functions of her position with or without a reasonable accommodation. *See McBride*, 583 F.3d at 97. While Shepheard asserts that her personal psychiatrist deemed her fit to return to work, the evidence does not establish that, even with the reasonable accommodation of an assignment to a steady midnight shift, Shepheard was capable of performing the essential functions of her position as a Correction Officer Captain, which included regularly and reliably reporting to work; quickly and efficiently responding to emergencies; overseeing the care, custody, and control of inmates; and supervising subordinate officers. The evidence, including medical records and a declaration by the psychologist with the DOC's Health Management Division who was ultimately responsible for clearing Shepheard to return to duty, indicates that at the time she made her reasonable accommodation request through the time of her termination, Shepheard suffered from symptoms that, *inter alia*, compromised her ability to be focused and alert, including excessive sleeping and grogginess, and therefore compromised her ability to perform the essential functions of her position. Shepheard argues that her psychiatrist's unsworn, contemporaneous note, which suggests that she was able to return to light duty if assigned to the midnight shift, creates an issue of fact about her ability to work. However, this note – even assuming it were otherwise admissible in evidence – does not contain any indication that the doctor was familiar with the relevant job duties, so as to be able to opine on Shepheard's ability

3

to perform the "essential functions of . . . [her] position." 42 U.S.C. § 12111(8). Because no reasonable jury could find on this record that she was qualified to perform her essential functions, Shepheard failed to make a *prima facie* case of disability discrimination. *See McBride*, 583 F.3d at 97.

With respect to Shepheard's retaliation claim, even assuming that this claim was reasonably related to her administrative charge and, therefore, properly exhausted, the City was entitled to judgment as a matter of law. The ADA prohibits an employer from retaliating against an employee for engaging in activities protected by the statute. *See* 42 U.S.C. § 12203(a). ADA retaliation claims are also analyzed under a burden-shifting analysis–first, the plaintiff must make a *prima facie* showing of retaliation; then, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse action; lastly, the plaintiff must provide evidence demonstrating that the proffered reason is merely a pretext for discrimination. *See Treglia v. Town of Manlius*, 313 F.3d 713, 720-22 (2d Cir. 2002). Here, even assuming that Shepheard made a *prima facie* showing of retaliation, the City offered a legitimate, non-discriminatory reason for her termination–namely, her violation of DOC rules and regulations related to her sick leave, as evidenced by the disciplinary charges against her, which were upheld after an administrative hearing. Shepheard failed to establish that this proffered reason for her termination was a pretext for discrimination. *See Treglia*, 313 F.3d at 721-22.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4